UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                 )<br>           v.                    )<br>                                 )<br> JOHNNIE MARTIN,                  )<br>           Defendant,            )<br>                                 ) | CRIMINAL ACTION<br>NO. 04-M-218-JLA |

**MEMORANDUM OF PROBABLE CAUSE AND**
**ORDER ON THE GOVERNMENT'S MOTION FOR DETENTION**
**June 18, 2004**

**SWARTWOOD, M.J.**

I.  Nature of the Offense and the Government's Motion

On May 20, 2004, a Criminal Complaint was filed, charging Johnnie Martin ("Mr. Martin"), with distribution of cocaine, in violation of 21 U.S.C. §841(a)(1).

At Mr. Martin's initial appearance, he was advised of his right to a preliminary examination in accordance with Fed. R. Crim. P. 5.1 and the Government moved for a detention hearing in accordance with 18 U.S.C. §§3142(f)(1)(A)(Mr. Martin is charged with a crime of violence), (f)(1)(C)(Mr. Martin is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the "Controlled Substances Act") and (f)(1()(D)(Mr. Martin is charged with a felony and has been

convicted of two or more offenses described in paragraphs (A) through (C) of Section 3142(f)(1), or two or more state or local offenses that would have been offenses described in paragraphs (A) through (C) of such section if federal jurisdiction had existed), (f)(2)(A)(risk of flight) and (f)(2)(B)(obstruction of justice).

On June 17, 2004, a consolidated probable cause/detention hearing was held and at that hearing, Robert White, Special Agent with the Alcohol, Tobacco and Firearms ("ATF") and Joseph Leo Cummings, a Brockton Police Detective, testified on behalf of the Government and were cross-examined by Mr. Martin's counsel.

## II. Findings of Fact

1. On January 5, 2004, a confidential informant ("CI") purchased 11.5 grams of cocaine from Mr. Martin at or near Bud's Variety Store on Warren Avenue, in Brockton, Massachusetts.

2. At the time of this transaction, Mr. Martin was surveilled by federal and local law enforcement officers going to and from his cousin's residence on Denton Street to meet with a CI in front of Bud's Variety Store and at the time of this drug transaction, the CI wore a wire which enabled surveilling law enforcement officer to monitor this transaction.

## III. Probable Cause

I find that there is sufficient evidence for a finding of probable cause that Mr. Martin sold 11.5 grams of cocaine to a CI as charged in this Complaint.

## IV. The Bail Reform Act

Under 18 U.S.C. § 3142 ("The Bail Reform Act" or "the Act"), the judicial officer shall order that, pending trial, the Defendant be (1) released on his own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion; or (4) detained. 18 U.S.C. § 3142(a). Under the Act, the judicial officer may detain a person pending trial only if, after a detention hearing held pursuant to 18 U.S.C. § 3142(f), the judicial officer determines that "no condition or combination of conditions [set forth under 18 U.S.C. § 3142 (b) or (c)] will reasonably assure the appearance of the person as required and the safety of any other person and the community". 18 U.S.C. § 3142(e). The Supreme Court, in <u>United States v. Salerno</u>, 481 U.S. 739, 747, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) has cautioned that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." <u>Id.</u> at 755, 107 S.Ct. at 2105. For this reason, the Defendant may be detained only if the judicial officer finds by (1) clear and convincing evidence, that the Defendant is a danger to the community, or (2) a preponderance of the evidence, that the Defendant poses a risk of flight. <u>See</u> 18 U.S.C. § 3142 (f); <u>United States v. Jackson</u>, 823 F.2d 4-5 (2d Cir. 1987); <u>United States v. Berrios-Berrios</u>, 791 F.2d 246, 250 (2d Cir. (1986), cert. denied, 479 U.S. 978, 107 S.Ct. 562, 93 L.Ed.2d 568 (1986). <u>See</u> <u>also</u> <u>United States v. Patriarca</u>, 948 F.2d 789, 792-93

(1st Cir. 1991). Furthermore, the judicial officer "may not impose financial condition that results in the pretrial detention of the person". 18 U.S.C. § 3142 (c).

The Bail Reform Act establishes a two step procedure for making the determination that the Defendant should be detained. First, the Government is entitled to move for detention where the Defendant has been charged with one of the offenses enumerated in the statute for which Congress has determined that detention is warranted. See 18 U.S.C. § 3142 (f)(1). The Government may also move for detention, or the judicial officer may on his or her own motion move for detention, where the case involves a serious risk that the Defendant will flee or that the Defendant will obstruct or attempt to obstruct justice. 18 U.S.C. § 3142(f)(2). Second, the judicial officer must determine whether any condition or combination of conditions will adequately ensure the appearance of the Defendant and the safety of the community against any danger posed by the Defendant's pretrial release. See United States v. Friedman, 837 F.2d 48, 49 (2d Cir. 1988).

In meeting its burden on the issue of whether any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community, the Government is aided by the statutory presumptions created by 18 U.S.C. 3142(e). Where the offense charged is one of the offenses enumerated in Section 3142(f)(1), Section 3142(e) creates the rebuttable presumption that no condition or combination

of conditions will reasonably assure the safety of the community if the judicial officer finds that: (1) the Defendant has been convicted of a federal offense that is described in Section 3142(f) or an offense under state law that would have been an offense described in Section 3142(f)(1) if federal jurisdiction had existed, (2) such offense was committed while the person was on release pending trial for a federal, state or local offense, and (3) a period of not more than five years has elapsed since the date of conviction or release from imprisonment for such offense. Section 3142(e) also creates the rebuttable presumption that no condition or combination of conditions will ensure the safety of the community and the appearance of the Defendant if the judicial officer finds that there is probable cause to believe that the Defendant committed an offense: (1) for which a maximum term of imprisonment of ten years or more is prescribed (a) in the Controlled Substances Act, (b) the Controlled Substances Import and Export Act, or (c) the Maritime Drug Enforcement Act; or (2) under 18 U.S.C. § 924(c). In order to rebut either presumption, the Defendant must produce "some evidence" to the contrary. United States v. Jessup, 752 F.2d 378, 384 (1st Cir. 1985).

In making the determination as to whether "any condition or combination of conditions will reasonably assure the appearance of the [Defendant] as required and the safety of any other person and of the community", the judicial officer is compelled to consider the following factors:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including:

   a. the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   b. whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any other person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

   V. Discussion of Whether Detention is Warranted

      A. Mr. Martin's History and Characteristics

Mr. Martin was born in Bethesda, Maryland on November 1, 1976, but was raised in Brockton, Massachusetts until age ten at which time his mother relocated the family to Mississippi. At age nineteen, Mr. Martin returned to Brockton, Massachusetts, where he lived with his uncle on West Ashland Street, in Brockton, from 1996 until 1998. After Mr. Martin was incarcerated for approximately three years in 1999, he has resided either with his uncle in Brockton or with a girlfriend in Fall River, Massachusetts.

Mr. Martin's father is deceased, his mother lives in Aberdeen, Mississippi and one sister resides in Brockton and his other two sisters reside in Florida and Texas.

Mr. Martin has an eleven year old child with an ex-girlfriend, two children, ages five and eighteen months, with another girlfriend and a five year old child with a third girlfriend. Three of his children and all three mothers of his children reside in Brockton and a fourth child lives with Mr. Martin's mother in Mississippi.

Mr. Martin's most recent employment has been as a "handy-man".

Mr. Martin has a substantial criminal record which I summarize, in relevant part, as follows:

| Date of Offense | Offense Charged | Disposition |
|---|---|---|
| 12/16/96 | Possession of a Class D controlled substance | 8/5/97, guilty, filed |
| 3/12/87 | Various automobile offenses | 11/17/97, guilty, ten days suspended sentence, later revoked for violation of probation on 4/14/98, ten days committed. |
| 8/29/97 | Possession of a Class D controlled substance | 9/19/97, continued without a finding, subsequent violation of probation, 3/10/99, guilty, filed. |

| | | |
|---|---|---|
| 12/1/97 | Assault and battery | 1/27/98, guilty, probation to 9/18/98, violation of probation, 3/10/99, two years committed. |
| 12/1/97 | Intimidation | 1/27/98, guilty, probation to 9/18/98, violation of probation, 3/10/99, two years committed. |
| 12/1/97 | Assault and battery (second offense) | 1/27/98, guilty, probation to 9/18/98, violation of probation, 3/10/99, two years committed. |
| 12/1/97 | Possession to distribute a Class B controlled substance | 1/27/98, guilty, probation to 9/18/98, violation of probation, 3/10/99, two years committed. |
| 3/12/99 | Possession of a controlled substance in a school zone | 10/14/99, 2 years and one day committed. |
| 3/12/99 | Distributing a controlled substance | 10/14/99, one year and one day committed. |

Mr. Martin has a record of defaults for failure to appear in 1996 and 1997. On April 11, 1998, Mr. Martin was involved in the sale of a small amount of crack cocaine and when confronted by

police, he attempted to flee to avoid arrest. <u>Govt. Ex. 3</u>. On September 1998, Mr. Martin was charged with a drug offense for which he was subsequently convicted in the Plymouth Superior Court. However, sometime after September 1998, when a warrant for his arrest issued, Mr. Martin left the District of Massachusetts and was subsequently arrested in Atlanta, Georgia, in January 1999. <u>Exs. 3A, 3B</u>.

On at least two occasions, Mr. Martin has been charged and found guilty of violating probation for which he has received various terms of incarceration.

There are presently pending three criminal cases in the Brockton District Court charging Mr. Martin with threatening, assault with a dangerous weapon and operating after suspension of his license.

C.  <u>Nature of the Offense and Weight of the Evidence</u>

I have previously found probable cause for the offense charged against Mr. Martin in this Complaint.  Although Mr. Martin's counsel argues that the weight of the evidence against his client is circumstantial, I disagree.  I find that Mr. Martin was surveilled by law enforcement officers throughout this entire transaction and that those surveilling officers were able to monitor the actual transaction as a result of the CI wearing a wire.  Therefore, I find that the weight of the evidence against Mr. Martin is substantial.

D.  <u>Rebuttable Presumption</u>

The United States has moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(A), (f)(1)(C), (f)(1)(D), (f)(2)(A) and (f)(2)(B).  The Government must prove that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community if Mr. Martin were released, or the appearance of Mr. Martin as required.

The rebuttable presumption created by 18 U.S.C. § 3142(e) applies in this case, because Mr. Martin is charged with a drug offense for which a maximum penalty of ten years or more is prescribed in the Controlled Substances Act.  I have found probable cause exists for the offense charged against Mr. Martin in the Complaint.  Therefore, I find that under 18 U.S.C. §3142(e), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Mr. Martin or

the safety of the community if he were released. I find that Mr. Martin has not produced nor proffered any credible evidence on his own behalf to rebut this presumption. Without such evidence, the presumption alone may justify detention. <u>United States v. Alatishe</u>, 768 F.2d 364, 371 (D.C. Cir. 1985); <u>United States v. Vires</u>, 637 F. Supp. 1343, 1351 (W.D.Ky. 1986). Although I have determined that Mr. Martin has failed to rebut the presumption, for the sake of completeness, I will examine the Government's assertion that Mr. Martin poses a danger to the community and a risk of flight.

### E.  Burden of Proof

The United States has moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(A), (f)(1)(C), (f)(1)(D), (f)(2)(A) and (f)(2)(B). The Government must prove that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community if Mr. Martin were released, or the appearance of Mr. Martin as required.

The Government's burden of proof is by:

1. *Clear and convincing evidence* that Mr. Martin, if released, would pose a serious danger to any person or the community, or

2. A *preponderance of the evidence* that Mr. Martin, if released, would not appear as required.

### F.  Whether Mr. Martin Poses A Danger to the Community

Mr. Martin has been charged with distribution of cocaine. Distribution of cocaine is not a crime of violence within the meaning of Section 3142(f)(1)(A) and therefore, I do not find that the Government is warranted in seeking detention on this ground. Mr. Martin has been charged with a drug offense for which a maximum penalty of ten years or more is prescribed in the Controlled Substances Act. Therefore, the Government is warranted in seeking detention of Mr. Martin under Section 3142(f)(1)(C).[1]

Mr. Martin has been charged with distribution of cocaine. Mr. Martin has multiple prior convictions for possession and/or distribution of controlled substances as well as multiple prior convictions for assault and battery. Furthermore, on at least two occasions, Mr. Martin has violated his probation. Under these circumstances, I find by clear and convincing evidence that Mr. Martin poses a danger to the community and that there are no conditions or combination of conditions that I can impose that would assure the safety of any person or persons in the community if he were released.

Although it is not necessary, I will address the Government's assertion that Mr. Martin should be detained because he is a threat to obstruct justice. Although Mr. Martin has in the past been

---

[1] Since I have determined that the Government is warranted in seeking detention of Mr. Martin under Section 3142(f)(1)(C), it is not necessary for me to address whether Mr. Martin's prior state court convictions for assault and battery and possession of illegal narcotics would have been offenses under Sections 3142(f)(1)(A)-(f)(1)(C) if federal jurisdiction had existed. That is, it is not necessary for me to address whether the Government is warranted in seeking detention under Section 3142(f)(1)(D).

charged and convicted with intimidation and assault and battery and there are similar offenses presently pending against him in the Brockton District Court, I do not find that there is any evidence that Mr. Martin would attempt to obstruct justice in this case. Therefore, I decline to detain Mr. Martin on this ground.

### G.  Whether Mr. Martin Poses A Risk Of Flight

Mr. Martin has a substantial record of defaults. On one occasion, Mr. Martin attempted to avoid arrest by fleeing and on another occasion, left Massachusetts and went to Georgia to avoid arrest. Therefore, considering the totality of these circumstances, I find by a preponderance of the evidence that Mr. Martin poses a risk of flight and that there are no conditions or combination of conditions that I may impose that would assure his appearance in Court as directed.

### VI.  Order of Detention Pending Trial

In accordance with the foregoing memorandum,

IT IS ORDERED:

1. That Mr. Martin be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That Mr. Martin be afforded a reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. Martin is detained and confined shall deliver Mr. Martin to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/s/Charles B. Swartwood, III
CHARLES B. SWARTWOOD, III
MAGISTRATE JUDGE