Docket 762025-04-0023

Boston District

United States of America

V.

Johnnie E. Martin

**Memorandum in Support of Motion to Suppress**

**Out-of Court And In-court Identifications**

## I. INTRODUCTION

The instant memorandum is respectfully submitted, in support of the Defendant's Motion to Suppress Out-of Court and In-Court Identifications. The defendant has omitted a recitation of the facts at the outset, and would respectfully refer this Honorable Court to the discussion of facts incorporated in the arguments presented below:

## II. ARGUMENT

The law is well settled that, a pre-trial identification is not admissible at trial if, it was made at a confrontation which, "was so unnecessarily suggestive and conducive to irreparable mistaken identification, that the accused was denied due process of the law." Stovall v. Demo, 388 U.S. 293 at 392, 18L. Ed. 2d. 1199, 87 S.ct. 1967 (1967)

A pretrial confrontation results in a denial of due process if it, "was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons V. U.S 390 U.S.377 at 384, 19 L.Ed. 2d. 1247, 88 S.ct 967 (1968);

(2)

Clearly, the Defendant has the initial burden of showing by a preponderance of the evidence, that the confrontation was unnecessarily suggestive.

It is submitted that under the totality of the circumstances, the alleged photographic identification of the Defendant was so impermissibly suggestive, as to give rise to an extremely substantial likelihood of irreparable misidentification and, therefore, denied the Defendant due process of the law. Assuming, arguendo, the photographic identification procedure is determined to be non-suggestive, it is submitted that the identification could not pass the reliability test of, Manson V. Brathwait, 432 U.S. 98, 53L.Ed. 2d. 140 (1977).

"Reliability is the linchpin in determining the admissibility of identification testimony for confrontations occurring both prior to and after Stovall V. Denno, 388 U.S. 87 S.ct 1967, 181 Ed 2d. 1199.

In Manson V. Brathwaite 97 S.ct 2243, 432 U.S. 98 (U.s. Conn 97) Biggers & Simmons were Cited. The court noted that in the Second Circuit, it's controlling court, it was clear that "this Type of identification procedure (display of a single photograph) is impermissibly (432 U.S 108) Suggestive."

The court of appeals confirmed that the exhibition of the "single photograph" was impermissibly suggestive, 527 f. 2d. at 366, & felt that in addition, "it was unnecessarily so." Id at 367. There was no emergency & little urgency. Requiring the exclusion of identifications resulting from unnecessarily suggestive confrontation.

Agent Robert White testified to a grand jury on July 14, 2004, that he never saw the Defendant prior to January 5, 2004. He further states that, on the night of January 5, 2004, he only saw a photograph, supposedly of the Defendant. He also testified that from his position of the surveillance team, he recognized a black male, wearing black clothing, later to be confirmed

(3)

by the C.W. to be the Defendant.

The Defendant now moves to prove that the identification testimony given by Agent White is so suggestive as to his description of the Defendant, simply depicts hundreds of black males in the Brockton area. According to agent White's testimony, his identification of the Defendant does not meet the reliability test set forth in Manson V. Brathwaite. It is also not derived from an independent source. Coupled with the fact that the accuracy of the viewing was tainted by distance, lighting, and viewing the alleged Defendant in passing. The Defendant takes the position that Agent White's testimony was persuaded because, the Defendant was the target of the investigation, has a cousin who lives in the proximity, and was thought to be a likely offender. Rather than he remembered him from a photograph.

The government proclaims Brockton Detective Joseph Cummings, knew the Defendant not from the photograph, but from previous experiences.

The Defendant disputes said statements in its entirety. Detective Cummings has never had Any close proximity, three dimensional experiences with the Defendant prior to this investigation. Detective Cummings cannot testify or offer this court any evidence of personal personal interaction with the defendant i.e. arrest reports, traffic citations, or investigative detainment prior to the case at bar. Other than two (2) dimensional viewing (booking photograph) and long distance observation, Detective Cummings is unfamiliar with the defendant.

In accordance with **Local Rule 116.1,** the District Attorney has provided the participants of this court with a copy of the single photograph used to identify the defendant.

In regards to this procedure, suggestive identifications are not only worthless law enforcement tools, they also pose a grave threat to society at large, in a more direct way than most

(4)

government disobedience of the law, see Olmstead V. U.S., 277 U.S. 438, 471, 485, 48 S.ct 564, 570, 575, 72 L.Ed. 944 (1928) (Brandeis J), dissenting. "For if the police and the public erroneously conclude on the basis of an unnecessarily suggestive confrontation, that the right man has been caught and convicted. The real outlaw must remain at large." Law enforcement has failed in it's primary function, and has left society unprotected form the depredations of an active criminal.

That because of the use of a single photograph (or the display of a single live suspect) is a grave error of course, because it dramatically suggests to the witness that the person shown must be the culprit and guilty man. "Subsequent identification of the accused shows nothing, except that the picture was a good likeness." Williams & Hammelmann, Supra N. 1, at 484

In Simmons V. United States. Simmons warned, the danger of error is at it's greatest when the police display to the witness only the picture of a single individual.

The defendant now moves to declare said photograph exculpatory evidence. With overwhelming distinctions to exonerate the defendant from said allegations.

Let the record reflect that the exhibited photograph is not a picture of the defendant, even if it bears slight similarities. Clearly, any identification of the defendant would have been and was in fact, a result of the psychological phenomenon known as "transference." At the time of the alleged offense and there after, the witnesses were focusing on the target of the investigation not exclusively the defendant.

## III. CONCLUSION

Based on the foregoing arguments and authorities, this court is respectfully urged to suppress the Out-of-Court and any prospective In-Court identifications of the defendant.

(5)

| | |
|---|---|
| December 21, 2004 | Respectfully Submitted, |
| To: Honorable Judge Young | Pro se Johnnie Martin |

United States Attorney, William Connoly, District of Massachusetts