Criminal No. 04-10200-WGY

Defendant's Motion for Court Order

(Emergency Notice)

District of Massachusetts

United States

Vs.

Johnnie E. Martin

Now comes the Defendant Johnnie E. Martin pro se, to request this honorable court to issue an immediate order to the AUSA and U.S. Attorney's Office to cease all efforts in an attempt to exchange or replace the photograph that was submitted by the U.S. Attorney's office on November 2, 2004, filed under local Rules 116.1 (C) (1) (7).

It has come to my attention by notification of co-counsel that, the photograph used to identify the defendant is now, supposedly, not the correct photograph.

The defendant's co-counsel goes on further to state, that the government intends to at some point, if not already, meet with the witness and somehow conduct an alternate identification procedure.

To say that this stains credibility would be an understatement. Obviously the person depicted in the photograph is not I, however it was identified and submitted as being the individual who sold the narcotics. For the government to be afforded the luxury and opportunity to re-submit photographs or any other means of identification until they reach one of satisfaction, would be a travesty of justice, as well as a direct violation of the defendant's right to Due Process. How can the defendant dispute allegations as to being identified, if the government is unsure as to which photograph was used for identification?

I now refer the court to the date of December 21, 2004, when the defendant submitted a "Motion to Suppress" due to suggestive and misidentification. Your honor denied said motion predicted upon the fact that the A.U.S.A swore he had two rock solid identifications. One based on the identification made by the then, CI David Taylor, of the individual depicted in the photograph included in the discovery he submitted in accordance with local rule 116.1. The same photograph he held connected to said motion. The AUSA had no idea that the photograph he submitted was in fact not a photograph of the defendant, until it was made known by the defendant. Now that he has tied his only witness to the alleged transaction, to a photograph other than the defendant, it is obvious that he would attempt to reconnect said witness to a photograph that does depict the defendant. I shall now remind the court of the statements given by the A.U.S.A to your honor. The A.U.S.A stated that, the photograph submitted in the discovery was in fact "the only photograph used" and that the government did not possess any other tangible evidence to corroborate the identification made by the CI, David Taylor. The A.U.S.A also stated that, "the CI was in fact the only person to witness the alleged transaction." It was at that point that your honor denied said motion, committing the government not only to the photograph submitted, but also to the two alleged witnesses and their identification therein.

If the A.U.S.A now wishes to change his mind, let him produce another witness to the alleged sale, independent of the current government witnesses, which are either severely tainted or outright liars!

With that said, the defendant takes the position that unless the government can produce a video recording or an independent witness to the alleged transaction that personally witnessed and can identify the person whom allegedly sold the drugs in question, that there can be no other action implemented other than the suppression of the identification of in-court and out-of-court and a dismissal with prejudice, due to prosecutorial misconduct, and a blatant violation of Due Process. I also ask the court to sanction the A.U.S.A and the U.S. Attorney's office.

As reasons therefore:
1. Defendant requests an immediate order to prevent the A.U.S.A from altering the evidence already sworn to in court

2.  That if the government has already met with their informant, that the judge reconsiders his findings on the defendant's Motion-to-Suppress and allows it.

That the court Dismiss with Prejudice, the charges against the defendant, due to the government's perverted actions.

4.  That the court takes the appropriate sanctions upon the A.U.S.A and U.S. Attorney's office, to insure that this affront to the court not happen again.

That the court not allow the re-use of the tainted evidence and witnesses in a future trial, if the dismissal of charges is not with prejudice.

The defendant prays this Honorable Court execute such orders to stop the illegal actions of the government and do everything in it's power to protect the rights of this defendant.

January    2005

Respectfully Submitted,

Johnnie E. Martin Jr.

Pro se,