Motion to Suppress
Identification Procedure

United States                                              Criminal #04-10200 Wgy
  v.
Johnnie Martin

Now Comes Johnnie E. Martin pro se, herein and respectfully moves this Honorable Court for an Order Suppressing the Identification Procedure conducted by A.U.S.A. Connoly and Agent Robert White, as well as any possible in-court identification by the Defendant David Taylor.

In support thereof, the Defendant states as follows:

1. The Defendant's photograph was allegedly identified by David Taylor, from a single photograph shown to him by A.U.S.A. Connoly. This identification procedure was so unnecessarily suggestive and conducive to irreparable misidentification that an advocate sworn to uphold it again denied the Defendant Due Process of law.
2. The Defendant moved to suppress identification prior to this particular reoccurrence based on the same procedure used by the agents involved. At the Defendant's hearing on December 21, 2004, I contested the fact that the photograph submitted to me by the A.U.S.A., which was given to him by Agent Robert White, was in fact not the Defendant. A.U.S.A. Connoly, admitted to me that because of my contention, he in turn showed the photograph to Agent White, and at that point the agent 'Immediately" identified the photograph and concurred that the photograph he submitted was not the Defendant.
3. Agent White accompanied by David Taylor had a meeting with A.U.S.A. Connoly in order to conduct a second identification, once again using only a single photograph. Mr. Connoly states that after the alleged affirmation, he showed David Taylor the November 2, 2004 photograph, and asked if he had ever seen it before or knew who the individual was in the photograph? David Taylor replied "no" and again Agent White states "he pulled the wrong photo." How does the court know, without any existing documentation, that a second photograph ever existed, prior to the A.U.S.A. contacting Mr. Taylor? How does a second photograph get mixed in, when the agent in charge clearly stated that only one photograph was originally used? Why are these photographs not represented by name, not dated and unsigned by Mr. Taylor? These are important questions that must be satisfactorily answered. Agent White testified to a grand jury, that he did not know the Defendant prior to the night in question and that he was shown a photograph, allegedly of the Defendant, at a briefing on the night in question. How does the court know that the photograph examined was in fact a photograph of the Defendant? The possibility of misidentification becomes amplified by the latest turn of events.
4. Obviously Agent White was afforded an opportunity to influence the outcome of this procedure, and he most definitely possessed motive. Mr. Connoly knew that the courts frown upon this procedure. He also knew that the Defendant had previously challenged this suggestive procedure by Motion in this court, and was well aware that your Honor denied the Defendant's Motion. In this subsequent opportunity, Mr. Connoly had in his possession the two photographs given to him by Agent White, yet he did not allow Mr. Taylor to choose the correct photograph from the miniscule array by using his independent recollection. This was the perfect opportunity to insure a

fair and valid identification. Mr. Connoly must remember that his primary goal as an advocate of Justice is to seek the truth, and not to persuade or influence the answers he seeks.

5. When A.U.S.A. Connoly asked Mr. Taylor, "who showed you the photograph initially?" Mr. Taylor could not remember. When he was asked, "was it recorded?" Mr. Taylor stated again, that he could not remember. Obviously Mr. Taylor could not effectively answer questions, to which he was not prepped or coached. Mr. Taylor did not sign the so-called "original photograph", nor is there any evidence to corroborate the Defendant's presence at the scene of the allegations. The event itself is solely based on the testimony from an admitted drug addict and drug dealer, who has admitted to Mr. Connoly that his actions are motivated and based on monetary and libertarian exchanges. Upon notice of Mr. Connoly, twenty days after I told him that this was not a photograph of me, Agent White requested my most recent booking photograph. He (Agent White) then simply substituted the booking photograph for the original photograph; the original being the photograph which was initially identified as the Defendant by the informant Mr. Taylor. The question is, had I not informed the court of the photograph, how would your Honor rule on this in the middle of the trial? The Defendant shall not receive a fair trial if the court cannot unequivocally and beyond a shadow of a doubt, determine which photograph was initially shown to the informant. Mr. Connoly states in his discovery letter of January 11, 2005, that Agent White will send me a report explaining the alleged mistake. We have less than one week before trial, and I have yet to receive this report, which explains this mistake. This alone is a violation of the Defendant's right to Due Process. Agent White must believe that he is above the law. It should be obvious to the court that this was not a mistake, but an opportunity for the government to attempt to salvage a fraudulent arrest.

6. Any attempted in-court trial identification of the Defendant by Mr. Taylor cannot have a source independent of the prior unconstitutional identification and therefore cannot be admissible at the trial.

**WHEREFORE, the Defendant respectfully moves this Honorable Court to conduct a hearing on the instant motion to Suppress and for an Order Suppressing both out-of-court and any in-court identifications of the Defendant in the case at bar.**

February 2, 2005

Respectfully Submitted,

Johnnie Martin Pro se,