UNITED STATES OF AMERICA

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10200-WGY |
| | ) | |
| JOHNNIE MARTIN | ) | |

<u>DEFENDANT'S REQUESTED JURY INSTRUCTIONS</u>

Undersigned stand-by counsel files these proposed Jury Instructions at the request of the pro se defendant.

Pursuant to Fed. R. Crim. P. 30, defendant, Johnnie Martin, requests the Court to include the attached instructions in its charge to the jury.

JOHNNIE MARTIN
By his stand-by attorney,

/s/ Leo T. Sorokin
Leo T. Sorokin
 B.B.O. #559702
Federal Defender Office
408 Atlantic Avenue, 3rd Floor
Boston, MA  02110
Tel: 617-223-8061

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1

CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says, part of it or none of it at all. In deciding what to believe, you may consider a number of factors, including the witness's ability to see or hear or know the things about which he or she testifies, the quality of the witness's memory, the witness's manner while testifying, whether the witness has an interest in the outcome of the case or any motive, bias or prejudice, whether the witness is contradicted by anything he or she said or wrote before trial or by other evidence, and how reasonable the witness's testimony is when considered in light of other evidence you believe.

---

See, 1A K. O'Malley, J. Grenig & W. Lee, Federal Jury Practice and Instructions, § 15.01 (5th ed. 2000); Pattern Jury Instructions of the First Circuit, Criminal Cases, Instruction No. 1.06 (1998).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2

WITNESSES WITH AGREEMENTS WITH GOVERNMENT

In this case, there has been testimony from a government witness, David Taylor, who entered into an agreement to work for the government. There is evidence that the government paid him for his work. There is evidence that the government did not bring criminal charges against him when it could have so charged him. There is evidence that the government intervened on his behalf in a pending criminal case so he would receive more lenient treatment.

While the government is allowed to enter into this kind of agreements, you should consider David Taylor's testimony with particular caution. While some people in this position are entirely truthful while testifying, other people are not. They may have had reason to make up stories or exaggerate what others did because they want to help themselves.

In examining the testimony of David Taylor, in examining the manner and circumstances of his testimony, you may consider his agreement with the government and the benefits he received from the government to determine how the agreement or benefits affected his testimony, if at all.

In other words, you may consider how David Taylor's relationship with the government may color his testimony; whether David Taylor is motivated by a desire to please the government or whether he is motivated to tell the truth.

You may consider how Taylor's hope of future benefits as a result of his understanding of any agreement or understanding he has may operate to enhance his testimony in a way favorable to the government.  You may also consider what effect any governmental promises or bargains as yet partially unfulfilled may operate to induce testimony favorable to the government and contrary to the interest of the defendant.

You may also consider whether any governmental ability to revoke previously provided benefits or deny previously promised benefits may operate to induce testimony favorable to the government.

In assessing the credibility of witnesses, you may also consider whether Taylor has received a sentence for his criminal activity, whether that sentence has been changed or reduced prior to Taylor's testimony or may be reduced after his testimony is given.  And you may consider whether the existence of any of these circumstances may affect the quality of his testimony.


Adapted from:  First Circuit Pattern Instruction 2.08; O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Fifth Ed., vol.1A, §§15.02-04.

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3

LAW ENFORCEMENT WITNESSES

You have heard the testimony of several law enforcement officials. The fact that a witness may be employed as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or less weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

Adapted from Sand, Modern Federal Jury Instructions, at ¶7.01 (Instruction No. 7-16).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 4

## PRESUMPTION OF INNOCENCE

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent. The presumption is not a mere formality. It is a matter of the most important substance.

An indictment is nothing more than an accusation. It is not evidence. All it does is bring the charges before you, the jury, for your consideration and determination. You are not to consider the fact that an indictment has been brought as bearing in any way on the guilt or non-guilt of the defendant. A defendant, although accused, begins the trial with a clean slate, with no evidence against him. And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against a defendant.

So the presumption of innocence alone is sufficient to acquit Mr. Martin unless you are satisfied beyond a reasonable doubt of his guilt after a careful and impartial consideration of all the evidence in the case.

The presumption of innocence means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crime with which he is charged beyond a reasonable doubt. This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. Mr. Martin has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged.

As I have said, the burden is upon the government to prove beyond a reasonable doubt that Mr. Martin is guilty of the charge made against him.  It is a strict and heavy burden, but it does not mean that his guilt must be proved beyond all possible doubt.  It does require that the evidence exclude any reasonable doubt concerning his guilt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence or because you do not accept the evidence that was offered.  Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Of course, a defendant is never to be convicted on suspicion or conjecture.  If, for example, you view the evidence in the case as reasonably permitting either of two conclusions - one that the defendant is guilty as charged, the other that the defendant is not guilty - you will find Mr. Martin not guilty.

It is not sufficient for the government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true.  That is not enough to meet the burden of proof beyond a reasonable doubt.  On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

I instruct you that what the government must do to meet its heavy burden is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it. If you so find as to a particular charge against a defendant you will return a verdict of guilty on that charge. If you think there is a reasonable doubt about whether Mr. Martin is guilty of a particular offense, you must give him the benefit of the doubt and find him not guilty of that offense.

Adapted from: First Circuit Pattern Instruction 3.02; *United States v. Cleveland*, 106 F.3d 1056, 1062-63 (1st Cir. 1997)(approving charge given by Judge Keeton); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Fifth Ed., vol.1A, §12.10.

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 5

BURDEN OF PROOF

The burden is upon the Government to prove beyond a reasonable doubt that a defendant is guilty of the charge made against the defendant. It is a strict and heavy burden, but it does not mean that a defendant's guilt must be proved beyond all possible doubt. It does require that the evidence exclude any reasonable doubt concerning a defendant's guilt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Of course, a defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions—one that a defendant is guilty as charged, the other that the defendant is not guilty— you will find the defendant not guilty.

It is not sufficient for the Government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true. That is not enough to meet the burden of proof beyond reasonable doubt. On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Concluding my instructions on the burden, then, I instruct you that what the Government must do to meet its heavy burden is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it.  If you so find as to a particular charge against a defendant, you will return a verdict of guilty on that charge.  If, on the other hand, you think there is a reasonable doubt about whether the defendant is guilty of a particular offense, you must give the defendant the benefit of the doubt and find the defendant not guilty of that offense.

United States v. Cleveland, 106 F.3d 1056, 1062-63 (1st Cir. 1997).

DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 6

PRO SE DEFENDANT

Our Constitution guarantees every person accused of a crime by the government the right to represent himself at his trial. Johnnie Martin has elected to exercise his right to represent himself.

Mr. Martin does not have to present any evidence in his defense. Whether or not he presents evidence or questions witnesses, at all times throughout this trial the burden of proof beyond a reasonable doubt remains with the Government.

Mr. Martin may testify at this trial or choose not to testify at his trial. Our Constitution guarantees every person accused of a crime the right to testify or not to testify.